UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>               Plaintiff,<br><br>     v.<br><br>STATE OF OREGON,<br>               Defendant, | Case No. 6:20-cv-00203-MK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States Magistrate Judge:

The National Labor Relations Board ("NLRB") brought this lawsuit seeking a declaratory judgment against the State of Oregon finding that Or. Rev. Stat. ("ORS") § 659.785 is preempted by the National Labor Relations Act ("NRLA"). *See* Def.'s Opp'n Mot. Dismiss 7–8, ECF No. 12 ("NLRB's Opp'n"). Oregon moved to dismiss arguing the Court lacks subject matter jurisdiction because the NLRB does not have standing and because the Complaint fails to state a claim upon which relief can be granted. *See generally* Oregon's Mot. Dismiss, ECF No. 6

Page 1 – OPINION AND ORDER

("Oregon's Mot."), ECF No. 6. The Court heard oral argument on July 14, 2020, and requested supplemental briefing, which the parties subsequently supplied. *See* ECF Nos. 18, 23–24. Both parties consented to allow a Magistrate Judge to enter final orders and judgment in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 22. After a careful review of the parties' submissions, for the reasons that follow, Oregon's motion to dismiss is GRANTED without prejudice.

## BACKGROUND

"ORS § 659.785 creates a private cause of action for employees who are discharged or disciplined for refusing to attend a 'mandatory meeting' at which an employer expresses its views about unionization." *Associated Oregon Indus. v. Avakian*, No. 09-cv-1494-MO, 2010 WL 1838661, at *1 (D. Or. May 6, 2010). The statute, in relevant part, provides:

> An employer . . . may not discharge, discipline or otherwise penalize or threaten to discharge, discipline or otherwise penalize or take any adverse employment action against an employee:
>
> > (a) Because the employee declines to attend or participate in an employer-sponsored meeting or communication with the employer . . . if the primary purpose of the meeting or communication is to communicate the opinion of the employer about religious or political matters;
> >
> > (b) As a means of requiring an employee to attend a meeting or participate in communications described in paragraph (a) . . . ; or
> >
> > (c) Because the employee . . . makes a good faith report, orally or in writing, of a violation or suspected violation of this section.

ORS § 659.785(1).

ORS 659.780(5) defines "political matters" to include "the decision to join, not join, support or not support any lawful political or constituent group," and ORS § 659.780(1) defines

"constituent group" to include a labor organization. As used here, an "employer" includes a "person engaged in business that has employees" and public bodies. ORS 659.785(3).

Congress has charged the NLRB with the administration of the NLRA, which "among other things, [seeks] to eliminate obstructions to the flow of commerce 'by encouraging the practice and procedure of collective bargaining and by protecting the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing.'" *NLRB v. Arizona*, 2011 WL 4852312, at *2 (D. Ariz. Oct. 13, 2011) (quoting 29 U.S.C. § 151); *see also* 29 U.S.C. § 153. Because "[t]he NLRA covers most private employers that are not railroads or airlines," according to NLRB, "many employers that are subject to the Oregon statute are also covered by the NLRA." NLRB's Opp'n 5–6, n.2 (outlining the NLRA's statutory and jurisdictional framework).

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). Courts

must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the purposes of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Nevertheless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## DISCUSSION

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 471, (1982). In order to bring suit in federal court, a "constitutional minimum" of standing must be met. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). That minimum requires three elements to be satisfied: (1) the plaintiff must have suffered an "injury in fact"—*i.e.*, an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent as opposed to conjectural or hypothetical; (2) there must be a causal connection between the injury and the offending

conduct; and (3) it must be "likely" that the injury will be redressed by a favorable decision from the court. *Id.* at 560–61, (citations omitted). A plaintiff bears the burden of proving all three elements. *Id*. at 561.

### A. Injury-in-Fact

Essentially, the NLRB contends it satisfies the injury-in-fact prong of the standing analysis because ORS § 659.785 "conflicts with the NLRA by regulating captive audience speeches" and therefore "disrupts the ground rules" for labor elections. NLRB's Mot. 10–11. Although the NLRB asserts an alleged injury to its jurisdiction, the concrete harm it identifies is to third parties not before this Court. *See* NLRB's Opp'n 12 ("Thus, the statute's sheer existence forces NLRA-covered employers that wish to communicate their views to employees about unions . . . to make a Hobson's choice . . . and risk[] substantial liability for violating the Oregon statute." *Id*. at 12.

Such future potential liability for NLRA-covered Oregon employers, however, is too speculative to confer Article III standing on the NLRB. *See Lujan*, 504 U.S. at 560 (requiring "an invasion of a legally protected interest which is [] concrete and particularized"). An "[a]bstract injury is not enough" to allege a future injury; a plaintiff must show it "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (internal quotation marks and citations omitted). In other words, Article III requires "a genuine threat of imminent prosecution." *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996); *cf. Stoianoff v. Montana,* 695 F.2d 1214, 1223 (9th Cir.1983) ("The mere existence of a statute,

Page 5 – OPINION AND ORDER

which may or may not ever be applied to plaintiffs, is not sufficient to create a case or controversy within the meaning of Article III.").

### B. Causation

Even if the NLRB could establish a concrete and particularized injury, however, it has not satisfied the remaining necessary prerequisites for standing. For instance, because the statute is privately enforceable the NLRB cannot demonstrate that any state action caused any alleged injury. *See* Oregon's Mot. Dismiss 4–5 (citing ORS § 659.785(2) ("An aggrieved employee may bring a civil action to enforce this section . . . .")).

A decision from this district analyzing a preemption challenge to the same statute at issue is particularly instructive. *See Avakian*, 2010 WL 1838661, at *2–3 (D. Or. May 6, 2010). In *Avakian*, the plaintiffs sought declaratory and injunctive relief against the Commissioner of the Oregon Bureau of Labor Industries (the "Commissioner"). *Id*. at *1. The Commissioner argued, similar to Oregon here, he did "not have authority or intention to enforce" the statute. *Id*. at *1. Judge Mosman held the "plaintiffs lack[ed] standing because they [could not] show their injuries [were], or ever [would] be, fairly traceable to the Commissioner." *Id*. at *3.

The same logic applies with equal force here. NLRB has not identified how any alleged injury was specifically caused by the State of Oregon. *See id*.; *see also Okpalobi v.. Foster,* 244 F.3d 405, 426–28 (5th Cir. 2001) (en banc) (abortion providers lacked standing to sue Louisiana Governor and Attorney General for declaratory and injunctive relief because defendants lacked authority to enforce a statute that created only a private cause of action).[1] Moreover, for the

---

[1] The nonbinding cases upon which NLRB relies fail to persuade the Court otherwise. For example, *NLRB v. North Dakota*, 504 F. Supp. 2d 750, 752 (D.N.D. 2007), offers minimal standing analysis as it did not discuss the Article III standing elements. Similarly, *NLRB v. Arizona*, 2011 WL 4852312, at *1 (D. Ariz. Oct. 13, 2011), reached the conclusion that the

Page 6 – OPINION AND ORDER

reasons discussed above, the alleged harm upon which NLRB primarily relies focuses on the purported First Amendment rights of NLRA-covered employers, not the agency itself.

In sum, the NLRB has failed to meet its burden to establish it has standing to pursue this lawsuit. Accordingly, this Court lacks subject matter jurisdiction.[2]

## ORDER

For the reasons above, Oregon's motion to dismiss (ECF No. 6) is GRANTED without prejudice. The Court will allow the NLRB thirty (30) days to file an amended complaint attempting to cure the deficiencies outlined above.

DATED this 9th day of October 2020.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI<br>
United States Magistrate Judge

---

plaintiff in that case had "pled a causal connection because it allege[d] that the addition of [the challenged state law was] the cause of its injury" summarily and without analysis.

[2] To the extent NLRB raises new arguments in its supplemental briefing relating to redressability, the Court declines to consider them. *See* July 14, 2020 Minute Order (limiting supplemental briefing to "identifying authority addressing whether a statute's encroachment on regulatory authority is *sufficient to confer injury* for the purposes of Article III standing analysis") (emphasis added), ECF No. 18. The parties also disagree as to the specific scope of NLRB's challenge to ORS § 659.785—*i.e.*, whether NLRB's challenge is a "facial" or "as applied challenge." *Compare* NLRB's Opp'n 15–17, *with* Oregon's Mot. Dismiss 10–11. Because the Court finds NLRB lacks standing, however, the Court need not reach the issue. Finally, because the Court concludes NLRB lacks standing it need not resolve whether the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b).