UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | Case No. 6:20-cv-00203-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| STATE OF OREGON, | |
| Defendant, | |

**KASUBHAI,** United States Magistrate Judge:

The National Labor Relations Board ("NLRB") brought this lawsuit seeking a declaratory judgment against the State of Oregon ("Oregon") alleging that Or. Rev. Stat. ("ORS") § 659.785 is preempted by the National Labor Relations Act ("NRLA") in February 2020. *See* Compl., ECF No. 1. After holding oral argument on Oregon's motion to dismiss, the Court issued an Opinion and Order dismissing the Complaint without prejudice and gave NLRB 30 days to amend their complaint. ECF No. 26. After NLRB filed its Amended Complaint, Oregon once again moved to dismiss. ECF Nos. 27, 30. The Court heard oral argument in July 2021. ECF No. 44. After a careful review of the parties' submissions, for the reasons that follow, Oregon's motion to dismiss is GRANTED.[1]

---

[1] Both parties consented to allow a Magistrate Judge to enter final orders and judgment in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 22.

**BACKGROUND**

The parties are well familiar with the background of this case and the Court provides the following brief summary to provide context. "ORS § 659.785 creates a private cause of action for employees who are discharged or disciplined for refusing to attend a 'mandatory meeting' at which an employer expresses its views about unionization." *Associated Oregon Indus. v. Avakian*, No. 09-cv-1494-MO, 2010 WL 1838661, at *1 (D. Or. May 6, 2010). The statute, in relevant part, provides:

> An employer . . . may not discharge, discipline or otherwise penalize or threaten to discharge, discipline or otherwise penalize or take any adverse employment action against an employee:
>
> (a) Because the employee declines to attend or participate in an employer-sponsored meeting or communication with the employer . . . if the primary purpose of the meeting or communication is to communicate the opinion of the employer about religious or political matters;
>
> (b) As a means of requiring an employee to attend a meeting or participate in communications described in paragraph (a) . . . ; or
>
> (c) Because the employee . . .makes a good faith report, orally or in writing, of a violation or suspected violation of this section.

ORS § 659.785(1).

ORS 659.780(5) defines "political matters" to include "the decision to join, not join, support or not support any lawful political or constituent group," and ORS § 659.780(1) defines "constituent group" to include a labor organization. As used here, an "employer" includes a "person engaged in business that has employees" and public bodies. ORS § 659.780(3). Employers are required to "post a notice of employee rights under this section in a place normally reserved for employment-related notices and in a place commonly frequented by

employees." ORS § 659.785(3). The statute is privately enforceable and permits "[a]n aggrieved employee" to "bring a civil action" in state court and allows for an award to a prevailing employee of "all appropriate relief, including injunctive relief . . . treble damages, together with reasonable attorney fees and costs." ORS § 659.785(3).

Congress has charged NLRB with the administration of the NLRA, which "among other things, [seeks] to eliminate obstructions to the flow of commerce 'by encouraging the practice and procedure of collective bargaining and by protecting the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing.'" *NLRB v. Arizona*, 2011 WL 4852312, at *2 (D. Ariz. Oct. 13, 2011) (quoting 29 U.S.C. § 151); *see also* 29 U.S.C. § 153.

As noted, Oregon moved for, and the Court granted, a previous motion to dismiss holding that NLRB lacked standing to maintain this lawsuit against Oregon. *See Nat'l Lab. Rels. Bd. v. Oregon*, No. 6:20-cv-00203-MK, 2020 WL 5994997, at *4 (D. Or. Oct. 9, 2020) ("*NLRB I*"); *see also* October 9, 2020 Op. & Order, ECF No. 26. However, the Court dismissed the Complaint without prejudice and allowed NLRB leave to amend to cure, if possible, NLRB's lack of standing. *Id.* NLRB subsequently filed an Amended Complaint. *See* Am. Compl., ECF No. 27.

NLRB asserts that because "[t]he NLRA covers most private employers that are not railroads or airlines," according to NLRB, "many employers that are subject to the Oregon statute are also covered by the NLRA." NLRB's Opp'n 6, ECF No. 34.

NLRB further asserts that it has expended "federal government resources addressing complaints and questions" about the impact of ORS § 659.785. *Id.* at 10–11. In support for its claim for standing, NLRB also refers to an Oregon employer who moved for a stay of a union election, which the Board ultimately denied, where the employer argued ORS § 659.785

Page 3 — OPINION AND ORDER

"interfered with the fairness of [its] election proceeding" as well as other Oregon employers who have pending election petitions. *Id.*

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). Courts must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

## DISCUSSION

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 471, (1982). In order to bring suit in federal court, a "constitutional minimum" of standing must be met. *Lujan v. Defs. of Wildlife*, 504 U.S.

555, 560 (1992). That minimum requires three elements to be satisfied: (1) the plaintiff must have suffered an "injury in fact"—*i.e.*, an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent as opposed to conjectural or hypothetical; (2) there must be a causal connection between the injury and the offending conduct; and (3) it must be "likely" that the injury will be redressed by a favorable decision from the court. *Id*. at 560–61 (citations omitted). A plaintiff bears the burden of proving all three elements. *Id*. at 561.

NLRB's argument that it is uniquely harmed as an agency of the federal government by the enactment of ORS § 659.785 is a rehashing of the same argument this Court rejected in *NLRB I*. *Compare* NLRB's Opp'n 18 (asserting purported conflicts between ORS § 659.785 and federal law "frustrates [ ] NLRB's administration of national labor policy"), *and id.* at 19 (arguing "NLRB derives standing from its interest in preventing frustration of uniform application of the NLRA's substantive rules resulting from local procedures and attitudes toward labor controversies"), ECF No. 34, *with NLRB I*, 2020 WL 5994997, at *3 (rejecting NLRB's contention that "it satisfie[d] the injury-in-fact prong of the standing analysis because ORS § 659.785 conflicts with the NLRA by regulating captive audience speeches and therefore disrupt[ed] the ground rules for labor elections."). And none of the additional authorities on which NLRB now relies persuade this Court to depart from its original conclusion that NLRB's purported injury to its jurisdiction is not sufficient to establish a concrete injury.[2] This Court will not conclude without further evidence that answering inquiries that are clearly within the scope of NLRB's service functions should be deemed an injury sufficient to establish standing.

---

[2] For the reasons explained in *NLRB I*, the Court finds *NLRB v. North Dakota*, 504 F. Supp. 2d 750, 752 (D.N.D. 2007) and *Arizona*, 2011 WL 4852312, at *1 (D. Ariz. Oct. 13, 2011) distinguishable. 2020 WL 5994997, at *3 n.2.

Page 5 — OPINION AND ORDER

As this Court explained nearly a year ago, "[a]n '[a]bstract injury is not enough' to allege a future injury; a plaintiff must show it 'has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical.'" *NLRB I*, 2020 WL 5994997, at *3 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (internal quotation marks and citations omitted)). "[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Lujan*, 504 U.S. at 563; *cf. Stoianoff v. Montana*, 695 F.2d 1214, 1223 (9th Cir. 1983) ("The mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a case or controversy within the meaning of Article III.").[3]

Next, NLRB asserts that it has expended resources answering questions about the Oregon law, which has harmed its efficiency, and therefore has suffered an injury. NLRB's Opp'n 20–21, ECF No. 34. Although NLRB characterizes this as a "disruption of NLRB proceedings," it fails to identify any controlling authority that found similar administrative inquiries to a government agency were sufficient to establish a harm for purposes of standing. *Id.*

Further, a review of the single case cited by NLRB does not support its novel theory. *Council of Ins. Agents & Brokers v. Molasky-Arman* involved an out-of-state insurance agent's challenge to a Nevada law brought under the Privilege and Immunities Clause of Article IV and the Fourteenth Amendment's Equal Protection Clause. 522 F.3d 925, 931 (9th Cir. 2008).

---

[3] NLRB's references to the purported plight of Oregon employers fails for the same reason. *NLRB I,* 2020 WL 5994997, at *3 (D. Or. Oct. 9, 2020) ("Although the NLRB asserts an alleged injury to its jurisdiction, the concrete harm it identifies is to third parties not before this Court. . . . Such future potential liability for NLRA-covered Oregon employers, however, is too speculative to confer Article III standing on the NLRB.") (citing *Lujan*, 504 U.S. at 560 (requiring "an invasion of a legally protected interest which is [ ] concrete and particularized")).

Although the Ninth Circuit noted that the harms at issue there—discriminatory burdens based on nonresident status—amounted "to more than an identifiable trifle," they are of an entirely different nature than the purported "disruption" NLRB has alleged here. *Id.* at 931–32. Accordingly, the purported injury to NLRB's efficiency is not sufficient to establish a concrete and particularized harm for purposes of standing. *See Lujan*, 504 U.S. at 560 (requiring "an invasion of a legally protected interest which is [ ] concrete and particularized"); *Cf. Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1955 (2019) (finding no standing despite allegations of "profound[] disrupt[ion] its day-to-day operations"); *Raines v. Byrd*, 521 U.S. 811, 829 (1997) (finding no standing where "the institutional injury they alleg[d was] wholly abstract and widely dispersed").

      NLRB's argument that it has sufficiently alleged a causal connection between Oregon's enactment of ORS § 659.785 and its alleged injury also fails. NLRB's Opp'n 21–24. NLRB asserts that Oregon's enactment of the statute caused it to suffer "an invasion of its legally protected interest" *Id.* at 21. That legally protected interest, NLRB maintains, is an encroachment of "NLRB's authority to regulate coercive employer speech about unions, including during a[n] election campaign." *Id.* at 22. For the reasons discussed above, however, the Court has already rejected NLRB's argument that a purported injury to its jurisdiction is sufficient to confer Article III standing. Finally, despite NLRB's contention to the contrary, "because the statute is privately enforceable, NLRB cannot demonstrate that any state action caused any alleged injury." *NLRB I*, 2020 WL 5994997, at *3; *see also Associated Oregon Indus. v. Avakian*, 2010 WL 1838661, at *3 (D. Or. May 6, 2010) ("Similarly, plaintiffs lack standing because they cannot show their

injuries are, or ever will be, fairly traceable to the Commissioner."); *Lujan*, 504 U.S. at 560–61 (requiring "a connection between the injury and the conduct complained of").[4]

In sum, NLRB has failed to meet its burden to establish it has standing to pursue this lawsuit. Accordingly, this Court lacks subject matter jurisdiction.

## ORDER

For the reasons above, Oregon's motion to dismiss (ECF No. 30) is GRANTED. This case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 27th day of September 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

---

[4] Because the Court concludes that NLRB has not established standing for purposes of the injury-in-fact and causation prongs, it declines to reach the issue of redressability.